**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| LESLIE JOHNSTON, Individually and on behalf of a class of similarly situated persons; and SONIA JOHNSTON, Individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>WACHOVIA EQUITY SERVICING, LLC,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>CASE NO.: 4:07-CV-25 (WLS)<br>:<br>:<br>:<br>:<br>:<br>: |

**ORDER**

Presently pending before the Court is Defendant's Motion to Dismiss (Doc. 8) and Motion to Dismiss Class Allegations and Class Claims. (Doc. 43.) For the following reasons, Defendant's Motion to Dismiss (Doc. 8) and Motion to Dismiss Class Allegations and Class Claims (Doc. 43) are **DENIED.**

**BACKGROUND**

On January 20, 2007, Plaintiffs Leslie and Sonia Johnston, individually and on behalf of a class of similarly situated persons, filed a complaint against HomEq Servicing Corporation ("HomEq"). (Doc. 1.) Therein, Plaintiffs claimed they are entitled to liquidated damages under Ga. Code § 44-14-3 because HomEq failed to transmit cancellation notices in relation to various security deeds within sixty days of satisfaction of the associated loans in accordance with Georgia law. (*Id.* at 5.) Wachovia Equity Servicing, LLC ("Defendant") was added as successor-in-interest to HomEq on April 13, 2007. (*See* Docket.)

1

On April 12, 2007, Defendant filed what it styled as a Motion to Dismiss. (Doc. 8.) In its Memorandum of Law in Support of its Motion to Dismiss, Defendant claims that Plaintiffs "cannot show that HomEq failed to comply with [Ga. Code] § 44-14-3." (Doc. 9 at 6.) In support of its position, Defendant introduced an affidavit of Juanita Jennette, previous Vice President of HomEq, and various exhibits detailed below. (*See* Docs. 11, 11-2, 11-3, 11-4, 11-5.) Defendant pointed out that the Court may "accept and consider materials offered in conjunction with a [Federal Rule of Civil Procedure] 12(b)(6) motion [and treat such a motion] as one for summary judgment and dispose[] of [it] as provided in Rule 56." (Doc. 9 at 6 (citing 2 James W. Moore et al., Moore's Federal Practice ¶ 12.34 (3d ed. 1999)).

On May 16, 2007, Plaintiffs filed their Response to Defendant's Motion to Dismiss/Motion for Summary Judgment. (Doc. 19.) Therein, Plaintiffs argued that Defendant's motion was in substance one for summary judgment, and was premature as Plaintiffs had yet to have the chance to conduct discovery. (*Id.* at 5.) Additionally, Plaintiffs argued that, although Defendant's records indicate that the various documents were drawn, Plaintiffs' evidence indicates that those documents were never transmitted to the proper entities as required by Ga. Code § 44-14-3. (*Id.* at 10.)

The Court issued a Discovery and Scheduling Order on June 25, 2007. (Doc. 26.) The Discovery Order was amended by text order on October 25, 2007. (*See* Docket.) The case was stayed on December 28, 2007 pending the outcome of a Georgia Court of Appeals case, *SunTrust Bank v. Hightower*, 660 S.E.2d 745 (Ga. Ct. App. 2008). (Doc. 40 at 2.) The opinion in that case was issued on September 24, 2008. (*See* Docket.) This Court issued a Second Amended Discovery and Scheduling Order on February 2, 2009. (Doc. 42.)

2

On February 26, 2009, Defendant filed Motion to Dismiss Class Allegations and Class Claims, relying heavily on *SunTrust Bank v. Hightower*. (Doc. 43.) On April 10, 2009, this Court ordered the matter to be stayed. (Doc. 47.) The Court ordered that "if Defendant's Motion to Dismiss Class Allegations and Class Claims is denied … within thirty (30) days following [such a ruling,] the parties will submit a proposed order amending the current Discovery and Scheduling Order." (*Id.* at 2.) On September 30, 2009, the Court granted a third motion to stay pending an opinion by the Georgia Supreme Court, *Schorr v. Countrywide Home Loans, Inc.*, 697 S.E.2d 827 (Ga. 2010). (Doc. 51.) The case was re-opened on September 29, 2011. (Doc. 53.)

## DISCUSSION

### I. Motion to Dismiss/Motion for Summary Judgment

#### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence is such that a reasonable trier of fact could return a verdict for the nonmoving party. *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir. 1990). A fact is "material" if it is a legal element of the claim under the applicable substantive law and it might affect the outcome of the nonmoving party's case. *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential

element of the claim. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999); *Celotex Corp.*, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing or pointing out to the court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must provide "enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Liberty Lobby*, 477 U.S. at 251). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party, and determine whether that evidence could reasonably sustain a jury verdict. *Celotex Corp.*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. "Inferences from the nonmoving party's 'specific facts' as to other material facts, however, may be drawn only if they are reasonable in view of other undisputed background or contextual facts and only if such inferences are permissible under the governing substantive law." *Mize v. Jefferson City*

4

*Bd. of Educ.,* 93 F.3d 739, 743 (11th Cir. 1996). The Court must grant summary judgment if it finds there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

Federal Rule of Civil Procedure 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.* 477 U.S. at 322. Summary judgment is not appropriate "until the party opposing the motion has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) (citations omitted). If the discovery sought by the opposing party would grant it access to materials needed to sufficiently oppose the motion, the motion for summary judgment should be denied as pre-mature. *See id.* (citing *Cowan v. J.C. Penney Co., Inc.*, 790 F.2d 1529, 1532 (11th Cir. 1986)). Because the Court finds that Defendant has not met its burden to entitle it to summary judgment, the Court will construe Defendant's Motion to Dismiss as a motion for summary judgment.

**B.     Analysis**

Ga. Code § 44-14-3(b)(1) provides that, within 60 days of full payment of an indebtedness secured by any instrument, the grantee or holder of the instrument must "cause to be furnished to the clerk of the superior court of the county or counties in which the instrument is recorded a legally sufficient satisfaction or cancellation to authorize and direct the clerk or clerks to cancel the instrument of record." If the grantee or holder of the instrument fails to do so, the grantor is entitled to $500.00 as liquidated damages "if the grantor makes a written demand for liquidated damages to

the grantee or holder of the instrument before transmittal, but not less than 61 days after the instrument is paid in full, and prior to filing a civil action." GA. CODE ANN. § 44-14-3(c)(1). The parties only dispute whether HomEq "cause[d] to be furnished" the cancellation notice to the Clerk of the Muscogee County Superior Court ("Muscogee County Clerk") within the applicable time period.[1] (*See* Doc. 11 at ¶ 5.)

Georgia case law does not explain what is required by the phrase "cause to be furnished." At a minimum, that phrase could require (1) Defendant to have properly mailed a "legally sufficient" cancellation notice to the Muscogee County Clerk within the applicable time period, or (2) the Muscogee County Clerk to have actually received such notice within the applicable time period. Defendant does not claim that the Muscogee County Clerk actually received the notice on or about October 17, 2006, and Plaintiffs present evidence that such notice was not received. (*See* Doc. 19-2 at 5.)

Defendant alleges that it is entitled to summary judgment because HomEq "prepared and sent the Cancellation and Recording Fee Check to the Clerk of the Muscogee County Superior Court on October 17, 2006, within the sixty days permitted by [Ga. Code] § 44-14-3(b)." (Doc. 9 at 7-8.) Defendant argues that all that was required by the statute was that HomEq sent the cancellation in a timely manner; whether it was properly recorded is a matter for the clerk's office. (*Id.* at 8-9.) Defendant submitted an affidavit from Juanita Jennette, the former Vice President of HomEq, who alleged that she prepared and sent a check to the Muscogee County Clerk on October 17, 2006. (Doc. 11 at ¶¶ 2, 10.) Ms. Jennette claimed that once it came to her attention that the Muscogee County Clerk did not properly process the cancellation,

---

[1] HomEq asserts that Plaintiffs, through their counsel, requested HomeEq to process a cancellation upon the full payment of Plaintiffs' loan on August 25, 2006. (Docs. 9 at 2-3; 11 at ¶ 5.) Plaintiffs submitted a copy of the written request dated August 25, 2006. (Doc. 44-2.)

6

a cancellation was re-requested. (*Id.* at ¶ 17.) Defendant also submitted a copy of the check that was sent to the Muscogee County Clerk, and HomEq's internal records reflecting that the cancellation was requested. (*See* Docs. 11-2, 11-3, 11-4, 11-5.)

In its response, Plaintiffs argue that Defendant has not met its burden to entitle it to summary judgment. (Doc. 19 at 8.) Plaintiffs attach an affidavit from M. Linda Pierce, Clerk of Superior, State, and Juvenile Courts of Muscogee County, Georgia. (Doc. 19-2.) Therein, Ms. Pierce claimed that her office has no record of receiving a Cancellation of Deed to Secure Debt from HomEq on or about October 17, 2006. (*Id.* at 5.) Instead, she claims that the first cancellation notice received by her office was received on April 10, 2007. (*Id.*)

The Court finds that Defendant has not met its burden of demonstrating that it is entitled to summary judgment. Ga. Code § 44-14-3(b)(2) must, at a minimum, require Defendant to properly mail the cancellation notice, i.e. properly stamp and address the notice, and the required check made payable to the Clerk of the Muscogee County Superior Court. Ms. Jennette's affidavit asserts that this was accomplished. (Doc. 11 at ¶ 10.) The exhibits Defendant submitted, however, do not conclusively support this assertion. Instead, the exhibits merely demonstrate that (1) a Cancellation of Deed to Secure Debt was prepared and dated October 13, 2006 (Doc. 11-2), (2) a check was drawn for $10.00 and made payable to the Muscogee County Clerk of the Superior Court (Doc. 11-3), and (3) an entry was recorded on HomEq's Communication History program that reflected that a "lien release [was] sent to county" on October 17, 2006. (Doc. 11-4.) This evidence does not conclusively demonstrate that the notice and check were actually sent, or that the entry on HomEq's program was accurate.

7

Ms. Pierce explained that her office did not receive a cancellation notice from HomEq in relation to Plaintiffs until April 10, 2007. (Doc. 19-2 at 4-5.) From that assertion, a jury could reasonably infer that, although HomeEq may have properly *prepared* the necessary documents, it did not properly *mail* the documents to the Clerk of Muscogee County Superior Court. Furthermore, Defendant did not submit evidence that the check dated October 17, 2006 was negotiated.[2] As such, a genuine issue of material fact exists as to whether Defendant "cause[d] to be furnished to [the Muscogee County Clerk] a legally sufficient satisfaction or cancellation to authorize and direct the clerk … to cancel the instrument of record" within the applicable time period. *See* GA. CODE ANN. § 44-14-3(b)(2). Accordingly, Defendant's Motion to Dismiss, which the Court has construed as a Motion for Summary Judgment, is **DENIED.**

**II. Motion to Dismiss Class Allegations and Class Claims**

In Defendant's Motion to Dismiss Class Allegations and Class Claims, it argues that Plaintiffs' Complaint should be dismissed because it failed to allege that each of the unnamed members of the proposed class made the statutorily required, pre-suit demand on HomeEq. (Doc. 43-2 at 2.) In its Motion, Defendant relied primarily on *SunTrust Bank v. Hightower*, 660 S.E.2d 745 (Ga. Ct. App. 2008). (*See generally* Doc. 43.) That case held that a plaintiff representing a putative class must make a written demand on the grantee before suit may be filed. *Hightower*, 660 S.E.2d at 749.

On September 30, 2009, this case was stayed pending the outcome of *Schorr v. Countrywide Home Loans, Inc.*, 697 S.E.2d 827 (Ga. 2010). (Doc. 51.) That case involved a question certified from this Court asking "[w]hether named plaintiffs in a class may, pursuant to OCGA § 44-14-3, satisfy the pre-suit written demand

---

[2] Plaintiffs allege that the check was never cashed but do not present evidence to support that contention. (*See* Doc. 19 at 10.)

8

requirement for liquidated damages on behalf of putative class action members by the named plaintiffs' satisfaction of the written demand requirement." *Schorr*, 697 S.E.2d at 571. The Georgia Supreme Court answered in the affirmative. *Id.* at 573. In other words, "the named plaintiffs in a class action [may] satisfy preconditions for suit on behalf of the entire class." *Id.* Because *Schorr* directly refutes[3] Defendant's sole ground in support of its Motion to Dismiss Class Allegations and Class Claims (Doc. 43), that motion is **DENIED.**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 8) and Motion to Dismiss Class Allegations and Class Claims (Doc. 43) are **DENIED.**

**SO ORDERED**, this  26th  day of September, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[3] The parties do not dispute that Plaintiffs, the representatives of the putative class action members in this suit, requested HomEq to cancel the security deed. (Docs. 11 at ¶ 5; 44-2.)